UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAROL RAINES ET AL | CIVIL ACTION NO. 22-cv-017 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DEBRA J BOONE ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Carol and Enoch Raines ("Plaintiffs") filed this personal injury suit in state court against three defendants. One of the defendants, SNL Distribution Services Corporation ("SNL"), removed the case based on an assertion of diversity jurisdiction. Plaintiffs filed an earlier motion to remand that asserted procedural defects. That motion was denied. Plaintiffs then filed a second Motion to Remand (Doc. 74) that questioned subject matter jurisdiction. They contend that SNL may be a trust rather than a corporation, which would affect how SNL's citizenship is determined. For the reasons that follow, it is recommended that the motion to remand be denied.

**Background Facts**

According to the state court petition, Carol Raines was driving a Volvo commercial vehicle with her husband Enoch as a passenger. SNL truck driver Debra Boone, who was driving a tractor-trailer behind Plaintiffs, looked down to read a text message and collided with the rear of Plaintiffs' vehicle. Plaintiffs allege that Ms. Boone was acting in the course

and scope of her employment with SNL, and a liability insurance policy issued by Travelers provided coverage for the accident.

SNL alleged in its notice of removal that there was complete diversity of citizenship between the parties. Plaintiffs are alleged to be citizens of Georgia. Ms. Boone was alleged to be domiciled in (and thus a citizen of) Louisiana. Travelers was alleged to be incorporated in Connecticut with its principal place of business in Connecticut. Finally, SNL alleged that it is a corporation incorporated in Alabama with its principal place of business in Alabama. Based on those allegations, together with those regarding the amount in controversy, the court made a preliminary finding of subject matter jurisdiction.

**Analysis**

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The rules for determining the citizenship of a trust are not set by statute. There are multiple kinds of trusts, ranging from the traditional trust encountered in estate planning to sophisticated business and investment trusts. Court decisions vary as to whether it is the citizenship of the trustee or beneficiaries/members that determines citizenship for diversity purposes of a particular form of trust.

Many States have laws that allow for the formation of unincorporated entities known as a business trust, real estate investment trust, or statutory trust. These entities are distinct from a traditional trust. They are an alternative to the corporate form, and they are established to run a business enterprise. The citizenship of such a business trust may be based on that of its members/shareholders. See, e.g., Americold Realty Tr. v. Conagra

Foods, Inc., 136 S. Ct. 1012 (2016); Lake Bistineau Royalty Co., LLC v. Chesapeake Louisiana, LP, 2015 WL 6114476 (W.D. La. 2015).

Plaintiffs argue that they have discovered information that suggests SNL may be a business trust rather than a corporation. The documents filed in support of and in opposition to the motion to remand include records from the Alabama Secretary of State that indicate SNL Distribution Services Corporation has been a domestic corporation since 2001. None of the secretary's records, certified in March 2023, indicate that SNL has ever ceased its corporate existence or transitioned to another form of entity. All signs are that SNL is a corporation, it operates a trucking business, and it employed Debra Boone as a driver.

Plaintiffs focus on the fact that SNL participates in an employee stock ownership plan ("ESOP") as grounds for urging that, despite the evidence that it is a corporation, it may actually be a trust. An ESOP is a type of pension plan that invests primarily in the stock of the company that employs the plan participants. This often involves a plan sponsor (such as SNL), a plan administrator, and a third-party professional trustee to manage the ESOP's investments and transactions. See Martin Res. Mgmt. Corp. v. Fed. Ins. Co., 2021 WL 4269565 (5th Cir. 2021).

The records and depositions submitted by the parties indicate that all shares of stock in SNL were transferred to Paladin Capital, Inc., a company that has within its portfolio other employee-owned companies. Paladin entered into an Administrative Services Agreement with SNL to provide various executive and administrative services for SNL's trucking operations. Among those services is the administration of an ESOP and 401(k)

plan for SNL. The board of directors of SNL unanimously approved adoption of the Paladin ESOP plan and trust agreement to become an adopting employer for the benefit of its eligible employees. Farmers National Bank serves as the trustee of the ESOP. A corporate representative testified that employees at SNL are referred to as shareholders, and they become eligible for vesting in the ESOP benefits after working at the company for a sufficient length of time.

The record may be less than clear on the details of the ESOP arrangement, but there is no evidence that SNL is not a corporation. Its shares may have been transferred to Paladin and placed in the ESOP trust for the benefit of the SNL employees/shareholders, but that does nothing to change the fact that SNL is a corporation and that its citizenship is determined by Section 1332(c)(1). The shares of stock in SNL may be held within the ESOP trust for the benefit of SNL employees, "[b]ut a corporation's shareholders' citizenships are irrelevant to diversity jurisdiction under § 1332(c)(1); a corporation is the citizen of its principal place of business and place of incorporation." Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp., 757 F.3d 481, 484 (5th Cir. 2014). Thus, it is irrelevant to subject matter jurisdiction whether the shares of stock in SNL are held by SNL employees, Paladin, an ESOP trust, or the King of England. The only thing that matters is whether SNL is a corporation, and all evidence presented indicates that it is. Plaintiff's suggestion that SNL may be something other than a corporation is not supported by any of the evidence.

Accordingly,

It is recommended that Plaintiffs' second Motion to Remand (Doc. 74) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of June, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge